IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIRK M. JOHN, TINA JOHN, K.J. and H.J. ) ) Plaintiffs, ) ) v. ) ) BINGHAM COUNTY, et al., ) ) Defendants. ) _____ ) | Civ. No. 09-0146-E-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it defendants' motion to dismiss. A hearing on the motion was vacated because the briefing was not complete. The final brief was received on October 19, 2009, and the matter is now at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Plaintiffs Kirk and Tina John did not serve their complaint on defendants until 125 days after the filing of the complaint, in violation of the 120-deadline set

**Memorandum Decision & Order – page 1**

by Rule 4.  The defendants seek dismissal for this violation while the Johns seek an extension of time.

Rule 4(m) requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). "Additionally, the rule permits the district court to grant an extension even in the absence of good cause." *Id.*  The Advisory Committee Notes to Rule 4(m) state that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the re-filed action." This must be weighed against prejudice to the defendants.  *Efaw*, 473 F.3d at 1041.

This is a § 1983 action with a two year statute of limitation.  *Hallstrom v. Garden City,* 991 F.2d 1473, 1476 (9th Cir. 1993) (applying Idaho law).  The incident at issue occurred on April 2, 2007, and this action was filed on April 1, 2009, just one day prior to the limitations deadline.  If the action had to be re-filed, it would likely be time-barred.

While the plaintiff would be deprived of a cause of action, the defendants do not specify any prejudice they suffer from the 5-day delay in service.  Accordingly, the Court will deny the motion to dismiss.

While the motion was unsuccessful, there was a sound basis for its filing. The defendants have been forced to incur the fees and costs of filing the motion

**Memorandum Decision & Order – page 2**

due to the Johns' late service. Moreover, the Johns filed their response pleadings late. Under these circumstances, the Court finds it appropriate to award defendants the fees and costs they incurred in filing the motion to dismiss and supporting materials.

Accordingly, the Court will condition its denial of the motion to dismiss on plaintiffs paying those fees and costs. Counsel shall reach agreement on the payment of those fees and costs and they shall be paid within ten days from the date of this decision.

Finally, defendants have moved to strike plaintiffs' response as late. Even if late, and stricken, the Court has an independent duty to examine the issue, and its analysis did not depend on the plaintiffs' filings. Moreover, the Court has awarded fees and costs to defendants, in part due to plaintiffs' late filings. Accordingly, the Court finds the motion moot.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 9) is DENIED on the condition that plaintiffs pay the attorney fees and costs incurred by defendants in filing the motion within ten (10) days from the date of this decision.

**Memorandum Decision & Order – page 3**

IT IS FURTHER ORDERED, that the motion to strike (docket no. 13) is MOOT.



DATED:  **November 9, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**